ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 2 2 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID LATTIMORE, on behalf of )
himself and others similarly situated, )
)
Plaintiff, )
v. )
) No. _____
) -GET-
FLOOR INNOVATIONS, INC., ) 1:10-CV-2307
a domestic corporation, MARGARET )
PORCHE and KEITH PORCHE, )
individually, )
)
Defendants. )

## COMPLAINT & DEMAND FOR JURY TRIAL

1. The Plaintiff, David Lattimore ("Plaintiff"), was an employee of Defendants, Floor Innovations Inc., Margaret Porche, and Keith Porche (collectively "Defendants"), and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a lead floor technician and installed hardwood flooring and performed related duties for Defendants in, among others, Fulton County, Georgia.

2. Defendant, Floor Innovations, Inc., is a Georgia corporation that operated and conducted business in, among others, Fulton County, Georgia, and continues to operate and conduct business in, among others, Fulton County, Georgia, and is therefore, within the jurisdiction of this Court.

3. Defendant, Margaret Porche, is an adult resident citizen of the State of Georgia, who owns and operates Floor Innovations, Inc. and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for his employees; and (c) control the

finances and operations of the business. By virtue of having regularly exercised that authority on behalf of Floor Innovations, Inc., Margaret Porche is an employer as defined by 29 U.S.C. § 201 *et. seq.*

4. Defendant, Keith Porche, is an adult resident citizen of the State of Georgia, who serves as the Chief Financial Officer for Floor Innovations, Inc. who acts directly or indirectly in Floor Innovations, Inc.'s interest in relation to its employees, as evidenced by his position as the company's officer who had the most dealings with its employees, his responsibility to determine the employees pay and calculation of the employees commissions, his significant involvement in the day-to-day operations of Floor Innovations, Inc. regarding the terms of the employees' employment and their workplace conditions, and his financial interest in the business. By virtue of having regularly exercised said authority on behalf of Floor Innovations, Inc. Keith Porche is an employer as defined by 29 U.S.C. § 201 *et. seq.*

5. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated, hourly paid employee who worked for Defendants at any time within the past three (3) years.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

7. Based upon information and belief, at all material times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendants had an annual business dollar volume of at least $500,000.00.

8. Defendants are engaged in interstate commerce and were so engaged during Plaintiff's employment with Defendants.

9. Upon information and belief, Defendants have two or more employees of the enterprise individually engaged in commerce or who otherwise individually meet the traditional test of individual coverage.

10. Plaintiff and those similarly situated to him were individually covered by the FLSA as they utilized the instrumentalities of commerce.

11. Defendants failed to comply with 29 USC §§ 201-209, because Plaintiff and those similarly situated performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff and those similarly situated for those hours worked in excess of 40 within a workweek.

12. Defendants failed to compensate Plaintiff and those similarly situated at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40-hours during one or more workweeks within the past 3 years, as they were mischaracterized as exempt.

13. Any additional persons who may become plaintiffs in this action are employees (or former employees) of Defendants who, like Plaintiff, were not compensated at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more workweeks within the past three (3) years.

14. Plaintiff and those similarly situated did not receive a guaranteed salary per week, rather they were paid by the hour.

15. Plaintiff's work and the work of those similarly situated did not require knowledge of an advanced type that is customarily acquired by a prolonged course of specialized intellectual instruction.

3

16. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated are in the possession, custody, or control of Defendants.

17. The burden of proof regarding the precise number of hours worked by Plaintiff and those similarly situated belongs to Defendants.

## RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 1-15, above.

19. During their employment with Defendants, Plaintiff and other similarly situated employees, regularly worked overtime hours but were not paid time and one-half compensation for same.

20. Plaintiff and those similarly situated to him were mischaracterized as independent contractors by Defendants in Defendant's attempt to avoid compliance with the FLSA.

21. Plaintiff and those similarly situated to him were not independent contractors as they were required to work the jobs presented to them by Defendants, required complete time sheets of their hours worked, received straight hourly pay at a fixed hourly-rate determined by Defendants, used Defendants' tools and supplies to perform work, and had little or no opportunity for profit or loss from the arrangement.

22. Defendants failed to compensate Plaintiff and other similarly situated employees at one and one-half times their regular rate of pay for overtime hours that they worked, in violation of the FLSA.

23. Upon information and belief, Defendants' failure to properly compensate Plaintiff and other similarly situated employees for their overtime hours worked was reckless, as

Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## DAMAGES AND REQUESTED RELIEF

24. As a result of Defendants' intentional, willful, and reckless failure to lawfully compensate Plaintiff and other similarly situated employees for overtime hours that they worked, Plaintiff and Plaintiff's similarly situated co-workers have suffered damages and incurred reasonable attorney's fees and costs.

25. As a result of Defendants' intentional, willful, and reckless violation(s) of the FLSA, Plaintiff and other similarly situated employees are entitled to back wages and liquidated damages from Defendants for all hours worked in excess of 40-hours during one or more workweeks within the past 3 years.

26. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff and all other similarly situated employees demand payment of their overtime wages at the correct rate pursuant to 29 U.S.C. § 207 found to be due and owing, an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), declaratory relief pursuant to the FLSA, and that all hours worked over forty in a workweek should be paid time and one-half of an employees' regular rate of pay, pre-judgment and post-judgment interest where applicable, reasonable attorneys' fees and costs for all time worked by the attorneys of Morgan & Morgan, P.A. in prosecuting this case pursuant to 29 U.S.C. § 216(b). Plaintiff agrees that reasonable hourly rates for the labor attorneys of Morgan & Morgan, P.A. are $300 to $400 per hour, and such further relief as this Honorable Court may deem to be just and proper.

5

Respectfully submitted,

MORGAN & MORGAN, PA


s/Jennifer M. Bermel
Jennifer M. Bermel
GA Bar No. 794231
Morgan & Morgan, PA
2600 One Commerce Square
Memphis, Tennessee 38103
Tel: (901) 217-7000
Fax: (901) 333-1871
Email: jbermel@forthepeople.com

DATED: July 19, 2010

## CONSENT TO JOIN COLLECTIVE ACTION AND BE REPRESENTED BY MORGAN & MORGAN, P.A.®

- I, David La Himore, consent to join the above styled lawsuit seeking damages for unpaid wages under the FLSA;
- I am similarly situated to the named Plaintiff in this matter because I performed duties similar duties for the Defendant and was paid in the same regard as the named Plaintiff;
- I authorized the named Plaintiff to file and prosecute the above referenced matter in my name, and on my behalf, and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims;
- I agree to be represented by Morgan & Morgan, P.A.®, counsel for the named Plaintiff;
- In the event this action gets conditionally certified and then decertified, I authorize Plaintiff's counsel to reuse this Consent Form to re-file my claims in a separate or related action against Defendant.

Date: 2/24/10

Signature: /s/ David C. Latz

Address: c/o my Counsel- Morgan & Morgan, P.A.®
191 Peachtree Street, Suite 4200
Atlanta, GA 30101


EXHIBIT A